UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 2:26-cv-04351-BHH-MGB

| | |
|---|---|
| Tonya L. Dover<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, Corey Shaw, in his individual capacity, and Jennifer Coker, in her individual capacity,<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Tonya L. Dover, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Tonya L. Dover is a resident and citizen of the town of Johns Island, County of Charleston and State of South Carolina.

2. The Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Corey Shaw (herein after referred to as "Shaw") is a citizen and resident of North Charleston, State of South Carolina.

4. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as "Coker") is a citizen and resident of Berkely County, State of South Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343,

because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act (ADA), 42 U.S.C. Section 12101 et. seq, as amended, the 14th Amendment to the Constitution of the United States of America, and Title 9 the United States code 20 U.S.C. § 1681-1688.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are are all, and each of them, situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## II. FACTS

7. The Plaintiff is a black female, now age 51 (Date of birth of May 3, 1975) was employed and working as a Special Education Teacher at Liberty Hill Academy from November 5, 2021 and continuing.

8. That the Defendant "District" is a public school district, operating at all times relevant hereto, approximately 85 schools and specialized programs, including alternative programs, within the geographic boundaries of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in it's general operating budget, and receives federal financial assistance from the United States Government.

9. That at all times relevant hereto, the Liberty Hill Academy was and is a school and or

program operated by the Department of Alternative Programs of the Defendant District and is located at 5025 W. Enterprise Street, North Charleston, Charleston County, State of South Carolina.

10. That at all time relevant hereto, the Defendant Corey Shaw was the Principal of Liberty Hill Academy, the final decision maker of student discipline at Liberty Hill Academy and the Supervisor of the Plaintiff.

11. That at all times relevant hereto, the Defendant Coker was the Executive Director of Alternative Programs operating by and within the District, including the Liberty Hill Academy, and was in charge of student discipline for all students in the District, was the Supervisor of the Defendant "Shaw", was a high level Administrator in the Defendant District and was acting at all times within the course and scope of her employment with the Defendant District as a high level Administrator of the District.

12. That the Plaintiff has been racially and sexually harassed by students at the Liberty Hill Academy from on or about September 15, 2022 and continuing who frequently and regularly called her racial and sexual slurs, including bitch, the N-word, black motherfucker, and had sexually explicit comments directed at her, and had a replica of a penis handed to her by a student, all of which made the Plaintiff feel harassed, scared, depressed, anxious to the point where the Plaintiff required medical care, and caused her to incur medical expenses and miss time from work.

13. That the Administration at Liberty Hill Academy, including the Defendant Shaw and the Assistant Principals did not adequately respond or use the tools they had to manage discipline of the student who were harassing the Plaintiff and instead allowed the students to "run the school" which the students picked up on and would taunt the teachers,

including the Plaintiff, knowing that they could get away with anything.

14. That the Plaintiff was disciplined on or about October 7, 2022 and suspended as the result of being falsely accused of putting hands on a student.

15. The Plaintiff believes that she was falsely accused of putting her hands on a student by the Administration of Liberty Hill Academy in Retaliation for her complaining about and making referrals of students who were sexually and racially harassing her.

16. That the aforesaid sexual and racial harassment of the Plaintiff was known or reasonably should have been known to the Defendant District including the Defendant Shaw and Coker, was unwelcomed, and severe and persuasive as to alter the conditions of the Plaintiff's employment with the Defendant District, made the Plaintiff afraid of being at work, stressing her out and causing her to seek medical treatment for anxiety, stress and depression, miss time from work, and incur medical expenses, and was based on her race (black) and sex (Female) and reasonably could be imputed to her Employer, the Defendant District because of the policy set by the Defendant Coaker of being recklessly indifferent to the systemic racial and sexual harassment of teachers in the secondary schools of the Defendant District, and the inadequate response of Principal Shaw on the racial and sexual harassment of teachers at Liberty Hill Academy.

17. That the Defendant Coker knew that racial and sexual slurs and cursing of female teachers occurred frequently at most secondary schools in the Defendant District during the time in question and was recklessly indifferent to such racial and sexual harassment because she personally did not feel that racial and sexual slurs from students was unwelcome, or offensive and the Policy of the Defendant District towards such behavior did not make it a priority to adequately respond to a known problem, which allowed it to

fester and continue.

18. That as a direct result of the racial and sexual harassment that the Plaintiff experienced the Plaintiff suffered depression, anxiety and stress which necessitated medical care and incur medical expenses and miss time from work.

## III. FOR A FIRST CAUSE OF ACTION
## (Violation of Civil Rights 42 U.S.C.§1981)

19. Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

20. That while acting under color of state law as agents of the Defendant District, the Defendant Shaw and Coker have discriminated against the Plaintiff by being consciously indifferent to and tolerating a racially hostile environment for the Plaintiff to work in while employed at the Liberty Hill Academy during school hours and on school grounds while the Plaintiff was legally entitled and in fact required to be there.

21. That the acts and omissions of the Defendants, and each of them were grossly negligent and reckless indifferent with regard to Plaintiff's constitutional and statutory rights to work in an environment not subjected to racial harassment during the time period the Plaintiff was employed at Liberty Hill Academy and the Defendant Shaw was her Principal and Defendant Coker was in charge of student discipline for the entire Defendant District.

22. That as a direct result of the actions and inactions of the Defendants, and each of them, as stated above, and the grossly negligent and reckless disregard and indifference by the Defendants and each of them to the Plaintiff's constitutional and statutory right to work in an environment not subjected to racial harassment, the Plaintiff suffered actual and consequential damages, including adverse physical symptoms, psychological

disturbances, symptoms of depression, increased anxiety, stress requiring medical treatment and the incurring of medical expenses.

23. That the actions and omissions of the Defendant Shaw and Coker, and each of them, as set forth above, were the actions of Final Decision Makers and were the actions and omissions of high-ranking Administrators of the Defendant "District" regarding the conditions of employment of the Plaintiff at the Liberty Hill Academy to the degree that their actions and omissions are those of the Defendant "District" for purposes of the Defendant "District's liability under 42 U.S.C. 1981 for interfering with the Plaintiff's right to employment without being subject to racial harassment.

## IV. FOR A SECOND CAUSE OF ACTION

**(Violation of Civil Rights 42 U.S.C. 1983)**

24. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

25. While acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff of the basis of her race and gender, in violation of his right to equal protection of rights provided for in the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a racially and sexually hostile work environment.

26. That while acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff on the basis of his race and sex in violation of his right to work in an environment free of racial and sexual harassment.

27. The Defendants' actions and each of them, as above stated, were intentional, willful, malicious, and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as

reasonable attorney fees and costs, under Section 42 U.S.C. §1983 against all Defendants, and punitive damages against the Defendants Shaw and Coker.

## V. FOR A THIRD CAUSE OF ACTION (Violation of Title VII of the Civil Rights Act of 1964, as amended, Section 42 U.S.C.§2000(e)2

28. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

29. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.§2000(e)2 prohibits employment discrimination based on race, color, religion, sex and national origin, and under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

30. The Defendant District and Defendants Shaw and Coker, as agents and high- ranking Administrators with final decision-making authority over the Plaintiff are employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)2, et. seq,

31. On or about July 1, 2026 the Plaintiff was emailed a "Notice of Right to Sue(Issued on Request)" from the United States Equal Employment Opportunity regarding the Plaintiff's charge of racial and sexual discrimination and the other allegations set forth in the Plaintiff's Charge of Discrimination dated 2-28-2023, including claims under Title VII 42 U.S.C.§2000(e)2, Title 9 and Retaliation for complaining about violations of each of those against the Defendant District for the time period September 15, 2022 and continuing.

32. The Defendants' and each of them as above stated and repeated verbatim herein, caused the Plaintiff to work in an atmosphere of racial and sexual hostility, including frequent

racial and sexual slurs by students, directed at her, enabled by the Defendant Coker, as above stated, that was tolerated and not adequately addressed by the Defendant District.

33. That the racially and sexually hostile environment described above adversely affected the terms and conditions of the Plaintiff's employment with the Defendant District and violated Plaintiff's rights under 42U.S.C.§2000(e).

34. As a direct and proximate result of the Defendant's conduct, and each of them, as described above in violation of 42U.S.C.§2000(e), and Title VII, the Plaintiff has suffered stress, anxiety, adverse physical symptoms, psychological disturbances, fear, and depression for which the Plaintiff had to seek medical treatment for, incur medical expenses and also time from work.

35. The actions and omissions of the Defendants, and each of them as described above were unlawful, knowing, and in reckless disregard and recklessly indifferent to Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential, compensatory damages, as well as attorney fees and cost under Title VII and 42U.S.C.§2000(e) against all of the Defendants, and punitive damages as well as against the Defendants Shaw and Coker.

## VI FOR A FOURTH CAUSE OF ACTION
**(Violation of Title IX, 42U.S.C.§1681-1688)**

**(Violation of Title IX, 42U.S.C.§1681-1688)**

36. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

37. 42U.S.C.§1681 (a) specifically states that "no person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of or be subjected to discrimition under any education program or activity receiving federal

financial assistance, and as stated above, while acting under color of state law the Defendants and each of them, excluded the Plaintiff from participation in, denied the Plaintiff the benefits of and subjected the Plaintiff to discrimination from working in an education program, working as a Special Education Teacher at a Charleston County public school by subjecting her to unwelcome sexual and racial harassment, causing her to seek medical care and incur medical expenses.

38. The Defendants actions and omissions as above stated were done under color of state law with reckless indifference to the federally protected rights of the Plaintiff under Title IX, Section 42 U.S. C.§1681-1688, and entitles the Plaintiff to actual and consequential and compensatory benefits as well as attorney fees from all of the Defendants and each them, as well as punitive damages against the Defendants Shaw and Coker.

39. That the actions and omissions of Defendant Shaw and Coker, were the actions of final decision makers with the Defendant District and were the actions and omissions of high-ranking Administrators of the Defendant District regarding the condition of the Plaintiff's employment with the Defendant District so that the actions and omissions of the Defendant Anderson and Coker are those of the Defendant District for purposes of Liability under 42 U.S.C.§1681-1688.

**VII FOR A FIFTH CAUSE OF ACTION**
**(Retaliation for bringing a Title VII claim under section 704(a) of Title VII of the Civil Rights Acts of 1964, 42U.S.C.§2000(e) 3a)**

40. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

41. That Section 704(a) of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)-3a

makes it illegal for an employer to retaliate against an employee who opposed racial or sexual discrimition or filed a Title VII charge, and as set forth above, the Defendant District, by and through the actions of the Defendants Shaw and Coker retaliated against the Plaintiff for opposing the racial and sexual discrimination against her.

42. That the Defendant Shaw and the Administration of Liberty Hill Academy retaliated against the Plaintiff by suspending the Plaintiff for the false accusation of the Plaintiff putting her hands on a student, which the Plaintiff believes was rushed through against her without adequate investigation because she had made referrals for student discipline and complained about the sexual and racial behavior she was subjected to by the student at Liberty Hill Academy had it not been for her complaints, she would not have been suspended.

43. That the actions and omissions of retaliation against the Plaintiff by the Defendant Shaw and the Administration of Liberty Hill Academy where the actions of final decision making of the Defendant District and were done under the color of state law regarding the conditions of employment of the Plaintiff with the Defendant District and the Plaintiff is entitled to compensatory, consequential and punitive damages against the Defendants Shaw and Cole.

**VIII FOR A SIXTH CAUSE OF ACTION**
**(Retaliation against the Plaintiff for complaining pursuant to 34 C.F.R.§106.71)**

44. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

45. 34 C.F.R.§106.71 prohibits retaliation against intimidation, coercions and discrimination against any individual who opposes practices made unlawful by

Title IX, which is what happened to the Plaintiff for opposing and complaining about the sexual and racial harassment of her as set forth above.

46. That the retaliation by the Defendant Shaw was done in his capacity as a final decision maker of the Defendant District, and were done under the color of state law, and the Plaintiff is entitled to actual, compensatory and consequential damages, attorney fees and punitive damages against the Defendant Shaw for the stress, anxiety, depression, resulting in medical care, medical expenses and lost income as a direct result thereof.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, stress, depression, physical symptoms of the stress and anxiety medical expenses and income loss
2. Actual damages against all of the Defendants;
3. Punitive damages against the Defendant "Shaw and "Coker";
4. Reasonable attorney fees and costs; and
5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 29, 2026

Charleston, South Carolina